United States           : Case # 3:01 C-R-37 (JCH)
        V                              :
Tyree Robinson       :
                                            Jan, 5, 2006 A 8:2[...]

Dear Judge Hall,

You may not remember me but, I was a defendant in your court room (10/01). Well the reason for this letter/motion is to ask that you respectfuly take into reconsideration a resentencing under Booker & Fanfan. for the +2 point inhansment of obstruction of justus. In doing so it created a grater sentence. The - of said 2 points will create a lesser sentence brings my gidtline range from level (v) 22 (77-96) to level (v) 20 (63-78) months.

It should also be noted that since my stay of inprisonment I have complated Drug treatment obtained my G.E.d and attend psycholog grapes weekly.

Thank's for your time!

                                    Tyree Robinson
                                    Tyree Robinson

would have instructed his counsel not to seek the juror's dismissal. Mr. Robinson, however, should have been given that opportunity.

### 4. THE DISTRICT COURT ERRED IN APPLYING AN OBSTRUCTION OF JUSTICE ENHANCEMENT TO MR. ROBINSON'S OFFENSE LEVEL PURSUANT TO U.S.S.G. § 3C1.1.

Mr. Robinson urges this Court to adopt a rule that where a jury's guilty verdict does not necessarily reflect a jury's disbelief in his testimony, no obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1 should be made.[5]

Mr. Robinson testified at trial that on the night of July 10 he had indeed been present when the firearm was discharged, but that he was not the person who fired it. He did not testify as to any of the occurrences on July 11, and the trial court sustained objections to cross-examination concerning his activities on that day. As noted in Argument 1, supra, the jury was instructed that it could return a guilty verdict if it determined that Mr. Robinson had possessed a firearm on July 11, even if it believed that he had not possessed that firearm the day before. Thus, "the jury's verdict here does not inexorably reflect a disbelief of . . . [the defendant's] testimony at trial. . . ." United States v. Fan, 36 F.3d 240, 247 (2d Cir.

---

[5] Mr. Robinson has specifically instructed counsel to advance this argument, although it is not supported by the law of this Circuit, and counsel is happy to do so, given that Mr. Robinson has been informed that he may move to submit a pro se brief with respect to any unargued issues he feels should have been argued, and given that the law is constantly developing, and that issues once thought firmly decided have later been rethought and redecided.

28

The trial court nevertheless increased Mr. Robinson's offense level by two levels pursuant to U.S.S.G. § 3C1.1. That provision requires a two-level increase in the offense level "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense. . . ." Id.

The Guidelines specify that perjury is a "type[] of conduct to which this enhancement applies." Id., comment. (n.3). For Guidelines purposes, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993) (relying on the definition of perjury set forth in 18 U.S.C. § 1621).

Under United States v. Dunnigan, "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." 507 U.S. at 95. The Dunnigan Court added: "A witness testifying under oath or affirmation violates [the federal criminal perjury] statute if

29

she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94. In determining whether an enhancement for obstruction of justice is required, it is sufficient if the district court "makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury", id. at 95; but "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." Id.; cf. United States v. Catano-Alzate, 62 F.3d 41, 42 (2d Cir. 1995) (finding district court's findings insufficient under Dunnigan where "the district court included neither specific factual findings nor language indicating that the proper factual predicates were established").

In this Circuit, an enhancement for obstruction of justice based on perjured testimony may be imposed only where the sentencing court finds "that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." United States v. Zagari, 111 F.3d 307, 329 (2d Cir. 1997). Perjury is committed "willfully" where it is made "with the specific purpose of obstructing justice", and "materially" where it is material to the proceeding in which it is given. Id.

In this case, the district court made specific findings, using a preponderance of the evidence standard, that Mr. Robinson

had wilfully committed perjury with respect to his activities on the evening of July 10, that the false testimony was not a result of confusion, mistake, or faulty memory, and that the testimony was material. 11/5 Tr. 36-41, a 177-82.

Mr. Robinson nevertheless urges the Court to adopt a rule that where a jury's guilty verdict does not necessarily reflect a disbelief in a defendant's testimony, an obstruction-of-justice enhancement under § 3C1.1 may not be applied. A similar argument was rejected in <u>United States v. Fan</u>, 36 F.3d at 247, although the defendant's testimony in that case was described by this Court as "incredible." Such a rule would go far to limiting the dampening effect that § 3C1.1 exercises over a defendant's right to testify in his own behalf.

### 5. MR. ROBINSON RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

There is some indication in the record of disagreement between Mr. Robinson and defense counsel. <u>See, e.g.,</u> 7/17 Tr. 19-20 (Mr. Robinson feels that the case is not ready for trial because trial counsel has failed to obtain photographs of the house where the weapon was seized and says that he has not spoken with his attorney since the end of May (the attorney said the end of June)); 7/19 Tr. 449-50 (after Mr. Robinson tells the court that he was not sure what was going on, and that he has not had the opportunity to discuss with his attorney what would happen next, the defense attorney moves to withdraw and the motion is denied).

Mr. Robinson asserts that a witness was prepared to testify

# U.S. DEPARTMENT OF JUSTICE
# FEDERAL BUREAU OF PRISONS



## FEDERAL CORRECTIONAL INSTITUTION
## MEMPHIS, TENNESSEE

This is to certify that

### TYREE ROBINSON 14132-014

has completed

## STRATEGIC PLANNING

August 17, 2005
DATE

C. Hunter, Psy.D.
STAFF PSYCHOLOGIST

*[Handwritten:]* NHCT-Bridgeport, 01-CR-37, HALL

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the *3rd* of *JAN*, two thousand and *three*.

PRESENT:

    HON. GUIDO CALABRESI,
    HON. BARRINGTON D. PARKER, JR.
    HON. REENA RAGGI,

                  *Circuit Judges.*



*[Stamp: UNITED STATES COURT OF APPEALS FILED JAN 3 2003 SECOND CIRCUIT]*

---

UNITED STATES OF AMERICA,
    *Appellee,*

    v.                                                                                                   No. 01-1594

TYREE ROBINSON

    *Defendant-Appellant.*

---

For Appellee:                                                 WILLIAM J. NARDINI, Assistant United States Attorney, (Jeffrey A. Meyer, Assistant United States

*United States v. Robinson*, No. 01-1594
Page 5

private viewing of the tape. We affirm the court's rulings in these respects substantially for the reasons that it stated, and we note that even at this late date, the defendant has not shown prejudice, i.e., how earlier disclosure of the tape, or a longer continuance, would have altered his trial plan. The cases cited by the appellant are not on point. The videotape was not relied upon by the prosecution, in contrast to the late-disclosed evidence in *United States v. Kelly*, 420 F.2d 26, 28-29 (2d Cir. 1969) and *United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989). And the videotape did not compromise the defendant's trial strategy, as did the tardy disclosure in *United States v. Thomas*, 239 F.3d 163, 168 (2d Cir. 2001).

The remaining issue for us to consider is whether the sentencing court erred in enhancing Appellant's sentence for perjury. Appellant does not dispute that the court made the requisite findings "that the defendant 1) willfully 2) and materially 3) committed perjury," *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997), but Appellant asks us to disallow enhancements for perjury except where the jury's guilty verdict necessarily reflects a disbelief in the defendant's testimony. This we cannot do, as *United States v. Fan*, 36 F.3d 240, 247 (2d Cir. 1994) is to the contrary.

We have reviewed Appellant's other arguments and suggestions, and find no merit in them. Accordingly, the judgment of the district court is AFFIRMED. Appellant's ineffective assistance of counsel claim is rejected without prejudice to renewal in a subsequent timely habeas petition.



**STATE OF TENNESSEE**
**DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT**
**TYREE S ROBINSON**
Has satisfied the requirements of the General Educational Development Program approved by the Division of Adult Education, GED Office.
ISSUED: 03-17-2004

Governor          Administrator Adult Education
Commissioner of LWFD     GED Administrator

TYREE S ROBINSON
1101 JOHN A. DENIE ROAD
MEMPHIS TN 38134



**DUPLICATE DIPLOMA**       **State of Tennessee**       **4587692**
**DUPLICATE DIPLOMA**
**Department of Labor and Workforce Development**

*This is to certify that*
**TYREE S ROBINSON**

*has satisfied the requirements of the General Educational Development Program approved by the Division of Adult Education, GED Office and is, therefore, entitled to this*

**Equivalency Diploma**

*In Testimony Whereof and by authority so vested, the following signatures have been affixed, this the* __17TH__ *day of* __MARCH__ __2004__, *at Nashville, Tennessee.*

Governor            Administrator, Adult Education
Commissioner of LWFD       GED Administrator

LB 0934

# CERTIFICATE

# OF

# COMPLETION

This is to certify that

**Tyree Robinson**

has successfully completed

Drug Abuse Education
at the
Federal Correctional Institution
Cumberland, Maryland
February 4, 2002

*C. Camden*
C. Camden, M.S.
Drug Treatment Specialist